**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| HOWARD S. ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13CV501 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The instant matter comes before the Court on Defendant United States of America's Motion to Dismiss or in the Alternative Motion for Summary Judgment (Doc. #18). For the reasons stated herein, Defendant's instant Motion will be GRANTED.

I.

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated the instant action with a document entitled "Take Judicial Notice and Administrative Notice; In the Nature of a Writ of Error, *Coram Nobis*, and a Demand for Dismissal for Failure to State the Proper Jurisdiction and Venue" naming the "United States of America" as "Plaintiff Fictitious Foreign State" and himself as "Petitioner/Administrator." Doc. #2. That document, though largely incomprehensible, states that Plaintiff "hold[s] the inherent right of the 11th Amendment" (id. at 3), complains of four unintelligible "issues of fraud" (id. at 4-5), and appears to demand "a proper jurisdiction and a venue change to the People's Constitutional Article III court" of some unidentified action (id. at 6). In connection with that filing, Plaintiff attached a Uniform Commercial Code Initial Financing Statement in which he lists himself as "Debtor" and identifies as collateral his birth certificate, DNA, blood, retina scans, and fingerprints, among other, similar items. See Doc. #2-1 at 2-3.

Defendant filed the instant Motion contending that this action should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted. Subsequent to that filing, the Clerk of Court sent Plaintiff a letter explaining that Plaintiff had "the right to file a 20-page response in opposition to [the instant] motion . . . ." (Doc. #20 at 1.) That letter specifically cautioned Plaintiff that his "failure to respond or, if appropriate, to file affidavits or evidence in rebuttal within the allowed time may cause the court to conclude that the defendant's contentions are undisputed. . . . [and that,] [t]herefore, unless [he] file[s] a response in opposition to the motion, it is likely [his] case will be dismissed or summary judgment granted in favor of the defendant." (Id.) Despite these warnings, Plaintiff has made no additional filings with the Court. (See Docket Entries dated Dec. 4, 2013, to present.)

II.

As an initial matter, the instant action warrants dismissal due to Plaintiff's failure to respond. Under the Local Rules of this Court, failure to respond to a motion generally warrants granting the relief requested. See M.D.N.C. LR7.3(k). Given Plaintiff's silence and the Clerk's explicit warning that a failure to respond to the instant Motion would likely lead to dismissal, no reason exists to depart from that Rule in the instant matter.

Moreover, Plaintiff fails to allege facts that would grant this court subject matter jurisdiction. "As a sovereign, the United States is immune from all suits against it absent an express waiver of its immunity." Welch v. United States, 409 F.3d 646, 650 (4th Cir. 2005). "[I]t is the plaintiff's burden to show that an unequivocal waiver of sovereign immunity exists and that none of the

statute's waiver exceptions apply to his particular claim." <u>Id.</u> at 650-51. Plaintiff's filing presents no basis to find any such waiver that would allow this action to proceed.[1]

Furthermore, the instant matter warrants dismissal because Plaintiff's filing fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007)); <u>see also</u> <u>Francis v. Giacomelli</u>, 588 F.3d 186, 193 (4th Cir.2009) (plaintiff must articulate facts that "show a plausibility of entitlement to relief") (internal citations and quotations omitted). Although "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," <u>Erickson v. Pardus</u>, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007) (internal citations and quotation marks omitted), such liberal interpretation does not "undermine <u>Twombly</u>'s requirement that a pleading contain 'more than labels and conclusions,'" <u>Giarratano v. Johnson</u>, 521 f.3d 298, 304 n. 5 (4th Cir. 2008) (citing <u>Twombly</u>, 550 U.S. at 555). Plaintiff's filing, in fact, lacks any factual

---

[1] Plaintiff's reference to coram nobis relief does not alter this analysis. "The writ of error coram nobis 'is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and he is no longer in custody for purposes of 28 U.S.C. § 2255.'" <u>United States v. Orocio</u>, 645 F.3d 630, n.4 (3d Cir. 2011). Moreover, "[a] writ of error coram nobis can only issue to aid the jurisdiction of the court in which the conviction was had." <u>Sinclair v. State of La.</u>, 679 F.2d 513, 514 (5th Cir. 1982). Plaintiff fails identify any prior proceeding for which such relief might be appropriate. <u>See generally</u> Doc. #2.

allegations from which to conclude that Plaintiff possesses a plausible claim to relief.[2]

III.

For the foregoing reasons, Defendant's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. #18) is **GRANTED** and the instant action is **DISMISSED**.

This the 20th day of June, 2014.

/e/   N. Carlton Tilley, Jr.
Senior United States District Judge

---

[2] Indeed, as Defendant notes, Plaintiff's filing appears to be a version of a coram nobis document available for download that has been unaltered to reflect any facts specific to Plaintiff. See Rod Class, Coram Nobis Long Version, March 2012, http://aib-rodclassdocuments.com/ (last visited June 20, 2014); see also Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").